IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 2 0 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| BARRY TABOR, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:13-CV-537-A |
| | § |
| OCWEN LOAN SERVICING, LLC, ET AL., | § |
| | § |
| Defendants. | § |

### MEMORANDUM OPINION
### and
### ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

### Background

Plaintiff, Barry Tabor, initiated this action by filing his original petition in the District Court of Tarrant County, Texas, 17th Judicial District, naming as defendants Ocwen Loan Servicing, LLC, and Wells Fargo Bank, National Association, as Trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5. By notice of removal filed July 2, 2013, defendants removed the action to this court, alleging

that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

In the notice of removal, defendants alleged that because plaintiff requested declaratory and injunctive relief, the amount in controversy was the "value of the right to be protected or the extent of the injury to be prevented." Notice of Removal at 4 (footnote and citation omitted). And, where the mortgagor called into question the right to property, or sought through the litigation to protect his entire property, the fair market value of the property constituted the amount in controversy. Because the appraised value of the property at issue was at least $147,700.00, defendants contend they established that the amount in controversy exceeded the jurisdictional minimum.

Because of a concern that defendants had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court ordered defendants to file an amended notice of removal, together

2

with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Defendants timely complied with the court's order.

## II.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
(emphasis added).

3

therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. <u>See</u> <u>Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

### III.

<u>The True Nature of Plaintiff's Claims</u>

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented.

Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by defendants in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the amended notice of removal defendants essentially reurge the arguments made in the original notice of removal: that the value of the right to be protected or injury to be prevented represents the amount in controversy. When, as here, the object is for a mortgagor to protect his property, defendants contend that the fair market value of the property constitutes the amount in controversy. The basis of this argument, as it

5

pertains to plaintiff, is that plaintiff in his state court petition seeks a judicial determination of the parties' rights and obligations with regard to the property, and that plaintiff seeks by this litigation to protect title to his property.

A review of plaintiff's pleadings, however, makes clear that plaintiff makes no claim to outright title to the property. While defendants are correct that plaintiff challenges defendants' interest in the property, plaintiff also acknowledges that whoever does hold the note would have standing to foreclose on the property. Thus, defendants' attempts to distinguish this court's previous decisions in <u>Ballew v. America's Servicing Co.</u>, case number 4:11-CV-030-A, and <u>Johnson v. Mortgage Factory, Inc.</u>, 4:13-CV-213-A, on that basis, are unavailing. Defendants have offered nothing further to establish the amount in controversy.

To summarize, the court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiff's efforts to extend the time he can stay on the property and delay the sale of the property through foreclosure. No information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to

6

protect by this action. Thus, defendants have not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

## IV.

### Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED July 20, 2013.

_____
JOHN McBRYDE
United States District Judge